## Case No. 15,259.

**UNITED STATES ex rel. DAVIS v. GREENE COUNTY COURT.**

[5 Dill. 288, note.] [1]

Circuit Court, W. D. Missouri. 1879.

JUDGMENT — MANDAMUS TO COMPEL PAYMENT — SPECIAL TAX—GENERAL WARRANT.

A general warrant was refused where relator had compelled the levy of a special tax which was then in process of collection.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

In the case of United States, on the relation of Davis against Greene county court, the circuit judge said, substantially: The relator asked for a mandamus to compel this county court to give a general warrant upon the general funds of the county. The relator had at a former term obtained, at his own instance, a mandamus for the levy of a special tax to pay his judgment, which tax was duly levied by the county court, and is now in process of collection.'· He anticipates that the levy will prove fruitless, but such result is not yet ascertained, and, without waiting therefor, he asks an additional remedy by getting a general warrant, to be paid in its order of presentation, according to the statute of Missouri. This, we hold, in the exercise of our discretion in these proceedings, we will not do, on the ground that while the people are burdened with the special tax, a general tax should not' also be required to pay the warrant prayed by the relator.

## Case No. 15,260.

**UNITED STATES v. GREENWOOD.**

[1 Cranch, C. C. 186.] [2]

Circuit Court, District of Columbia. Nov. Term, 1804.

JUDGMENT—SECURITY—TRIAL.

1. After verdict, in assault and battery, the court will permit the defendant to give security to abide the judgment.

2. If the jury, after retiring, come into court to ask questions of a witness, the counsel will not be permitted to interrogate the witness.

Assault and battery. The defendant was surrendered before trial by his bail and committed; after verdict he offered to give security for fine and costs, and for abiding the judgment.

Mr. Jones, for the United States, objected on the ground of his being in custody. But THE COURT overruled the objection.

The jury, after retiring, were brought into court at their request, for the purpose of asking some questions of a witness. THE COURT refused to suffer the counsel to interrogate the witness.

(Judge Fitzhugh's Notes.)

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 15,261.

**UNITED STATES v. GREER et al.**

[Hoff. Land Cas. 72.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT— GENUINENESS OF GRANT —JUDICIAL POSSESSION.

No objections urged to the confirmation of this claim.

Claim for about three leagues of land in San Mateo county, confirmed by the board, and appealed by the United States.

[This was a claim by Maria Louisa Greer and others for the Cañada de Raymundo, two and a half by three-quarter leagues. Granted August 3, 1840, by Juan B. Alvarado to John Coppinger. Claim filed February 3, 1852. Confirmed by the commission, November 29, 1853. Now heard upon appeal by the United States.]

S. W. Inge, U. S. Atty.

Jeremiah Clarke, for appellees

HOFFMAN, District Judge. No argument was submitted on behalf of the appellants, nor was any objection suggested to the validity of this claim. The transcript has been submitted to the court without any observations from either side. On examining the decree of the commissioners, it appears to be sustained by the evidence. No doubt exists as to the genuineness of the grant or the performance of the conditions. The only objections which can be urged against the claim are the want of a judicial possession, and the fact that the land is within the ten littoral leagues. These objections have heretofore been considered and overruled. There seems, therefore, to be no ground for reversing the decree of the board. The claim must therefore be confirmed.